

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 17cr 10107 |
| ) | |
| v. ) | VIOLATIONS: 18 U.S.C. § 922 (a)(6) – False Statements During Purchase of Firearms; |
| ) | 18 U.S.C. § 924 (a)(1)(A) – False Statements in a Record; |
| ADARBAAD F. KARANI ) | 18 U.S.C. § 924(d)(1) & 28 U.S.C. § 2461(c) – Forfeiture |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

## GENERAL ALLEGATIONS

At all times pertinent to this Indictment:

1. ADARBAAD F. KARANI ("KARANI") was a police officer with the Boston Police Department. In connection with his employment by the Boston Police Department, KARANI was issued an identification card that included the Boston Police Department name and seal, KARANI's name, KARANI's photograph, KARANI's status as a police officer, KARANI's unit, KARANI's identification number, and the card's issue date.

2. KARANI was a resident of West Roxbury, Massachusetts, and possessed a valid license to carry a firearm.

3. On or about November 19, 2014, KARANI purchased a Glock, model 27, .40 caliber pistol, bearing serial number XRF158 ("XRF158"), from North Shore Firearms in Middleton, Massachusetts. North Shore Firearms is a Federal Firearms Licensee.

4. On or about November 19, 2014, in order to purchase XRF158, KARANI presented a police identification card and signed an affidavit indicating that the firearm purchase was for official police use and not for resale.

5. Licensed manufacturers, importers, and dealers of firearms must require transferees/buyers of firearms to complete ATF Form 4473, which seeks information to verify the buyer's identity.

6. ATF Form 4473 includes questions, the answers to which could disqualify a person from gun ownership. Specifically, Question 11.a asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you**" (emphasis in original). The accompanying instructions state, in relevant part: "Question 11.a. Actual Transferee/Buyer: For purposes of this form, you are the actual transferee/buyer if you are purchasing the firearm for yourself or otherwise acquiring the firearm for yourself . . . You are also the actual transferee/buyer if you are legitimately purchasing the firearm as a gift for a third party. **ACTUAL TRANSFEREE/BUYER EXAMPLES:** Mr. Smith asks Mr. Jones to purchase a firearm for Mr. Smith. Mr. Smith gives Mr. Jones the money for the firearm. Mr. Jones is **NOT THE ACTUAL TRANSFEREE/BUYER** of the firearm and must answer **"NO"** to Question 11.a. The licensee may not transfer the firearm to Mr. Jones" (emphasis in original).

7. On November 19, 2014, KARANI completed ATF Form 4473 to purchase XRF158 and marked "yes" for Question 11.a, affirming that he was the actual buyer/transferee of the firearm.

8. In order to secure a discount on the purchase of the firearm, KARANI also signed an affidavit indicating that the purchase was for official use and not for resale, and presented his police identification card to the firearms dealer.

9. KARANI knowingly purchased XRF158 on behalf of a civilian and transferred ownership of XRF158 to this civilian via the Commonwealth of Massachusetts Gun Transaction Portal.

10. Massachusetts firearms regulations prohibit the purchase of a Glock, model 27, .40 caliber pistol by civilians (*i.e.*, non-law enforcement officers).

11. On or about September 5, 2015, KARANI purchased a Glock, model 30S, .45 caliber pistol, bearing serial number YVT194 ("YVT194"), from Precision Point Firearms, LLC in Woburn, MA. Precision Point Firearms is a Federal Firearms Licensee.

12. On or about September 5, 2015, in order to purchase YVT194, KARANI presented a police identification card and signed an affidavit indicating that the firearm purchase was for official police use.

13. On September 5, 2015, KARANI completed ATF Form 4473 to purchase YVT194 and marked "yes" for Question 11.a, affirming that he was the actual buyer/transferee of the firearm.

14. In order to secure a discount on the purchase of the firearm, KARANI also signed an affidavit indicating that the purchase was for official use and not for resale and presented his police identification card to the firearms dealer.

15. KARANI knowingly purchased YVT194 on behalf of a civilian and transferred ownership of YVT194 to this civilian via the Commonwealth of Massachusetts Gun Transaction Portal.

16. Massachusetts firearms regulations prohibit the purchase of a Glock, model 30S, .45 caliber pistol by civilians (*i.e.*, non-law enforcement officers).

## COUNT ONE:
## (18 U.S.C. § 922(a)(6) – False Statements During Purchase of Firearms)

17. Paragraphs One through Sixteen are incorporated by reference.

18. On or about November 19, 2014, at Middleton, MA, in the District of Massachusetts,

**ADARBAAD F. KARANI**

the defendant herein, in connection with the acquisition of a firearm, a Glock, model 27, .40 caliber pistol, bearing serial number XRF158, from North Shore Firearms, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, did knowingly make a false and fictitious written statement to the firearms dealer, which was intended and likely to deceive the firearms dealer as to facts material to the lawfulness of such sale of the firearm, in that the defendant represented on ATF Form 4473 that he was the actual transferee/buyer of the firearm and signed an affidavit that the purchase was for official use and not for resale.

In violation of Title 18, United States Code, Section 922(a)(6).

## COUNT TWO:
## (18 U.S.C. § 922(a)(6) – False Statements During Purchase of Firearms)

19. Paragraphs One through Sixteen are incorporated by reference.

20. On or about September 5, 2015, at Woburn, MA, in the District of Massachusetts,

**ADARBAAD F. KARANI**

the defendant herein, in connection with the acquisition of a firearm, a Glock, model 30S, .45 caliber pistol, bearing serial number YVT194, from Precision Point Firearms, LLC, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, did knowingly make a false and fictitious written statement to the firearms dealer, which was intended and likely to deceive the firearms dealer as to facts material to the lawfulness of such sale of the firearm, in that the defendant represented on ATF Form 4473 that he was the actual transferee/buyer of the firearm and signed an affidavit that the purchase was for official use.

In violation of Title 18, United States Code, Section 922(a)(6).

## COUNT THREE:
## (18 U.S.C. § 924(a)(1)(A) – False Statements in a Record)

21. Paragraphs One through Sixteen are incorporated by reference.

22. On or about November 19, 2014, at Middleton, MA, in the District of Massachusetts,

### ADARBAAD F. KARANI

the defendant herein, knowingly made a false statement and representation to North Shore Firearms, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the record of North Shore Firearms, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual purchaser of a firearm, a Glock, model 27, .40 caliber pistol, serial number XRF158, whereas in truth and in fact, he purchased the firearm on behalf of another person.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT FOUR:
## (18 U.S.C. § 924(a)(1)(A) – False Statements in a Record)

23. Paragraphs One through Sixteen are incorporated by reference.

24. On or about September 5, 2015, at Woburn, MA, in the District of Massachusetts,

## ADARBAAD F. KARANI

the defendant herein, knowingly made a false statement and representation to Precision Point Firearms, LLC, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the record of Precision Point Firearms, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual purchaser of a firearm, a Glock, model 30S, .45 caliber pistol, serial number YVT194, whereas in truth and in fact, he purchased the firearm on behalf of another person.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges that:

25. Upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 922(a)(6) and 924 (a)(1)(A), set forth in Counts One through Four of this Indictment,

### ADARBAAD F. KARANI

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense, including that described in paragraphs 3 and 11 above.

26. If any of the property described in Paragraphs 3 and 11, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraphs 3 and 11 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
EUGENIA M. CARRIS
ASSISTANT U.S. ATTORNEY

U.S. DISTRICT OF MASSACHUSETTS; April 27, 2017.
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK
HAROLD WINAM
4.27.17 @ 11:28am

10