UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
V. ) Crim. No. 17-CR-10107-RWZ
)
ADARBAAD KARANI )

**DEFENDANT'S MOTION REGARDING JURY INSTRUCTION**

The United States Supreme Court has held that where the defendant's state of mind is at issue in a criminal trial, it violates the Sixth Amendment to the United States Constitution to take that issue away from the jury by ruling as a matter of law that the defendant's belief was not objectively reasonable. *United States v. Cheek*, 498 U.S. 192, 203 (1991) (a courtesy copy of *Cheek* is appended with this motion). *Cheek* provides the exact counterpart to the situation in the case at bar. The defendant in *Cheek* was charged with willfully failing to file federal income tax returns. *Id.* at 194. The defense at trial was that the defendant did not willfully fail to file taxes because he sincerely believed that income tax laws were unconstitutional and his actions were lawful. *Id.* at 196. The trial court instructed the jury that the defendant's beliefs were not objectively reasonable. *Id.* at 197. The Supreme Court reversed the defendant's convictions, holding that no matter how preposterous the defendant's beliefs may have been, it was up to

the jury to decide whether they were reasonable and served as a defense to the charges. *Id.* at 203-04.

The issue in this case is whether or not the defendant knowingly made false statements. He has testified that he believed that he answered Question 11.a on Form 4473 accurately, and also in signing the two affidavits. It must be left to the jury to decide whether the defendant made a knowingly false statement or if he did not.

ADARBAAD KARANI
By his attorneys,

CARNEY & ASSOCIATES

J. W. Carney, Jr.

J. W. Carney, Jr.
B.B.O. # 074760

Daniel J. Gaudet
B.B.O. # 688120

20 Park Plaza, Suite 1405
Boston, MA 02116
617-933-0350
jcarney@CARNEYdefense.com

September 14, 2018

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

J. W. Carney, Jr.

J. W. Carney, Jr.

KeyCite Yellow Flag - Negative Treatment
Disagreement Recognized by U.S. v. Speer, W.D.Ky., June 11, 1993

111 S.Ct. 604
Supreme Court of the United States

John L. CHEEK, Petitioner,
v.
UNITED STATES.

No. 89-658.
|
Argued Oct. 3, 1990.
|
Decided Jan. 8, 1991.

**Synopsis**

Defendant was convicted in the United States District Court for the Northern District of Illinois, Paul E. Plunkett, J., of attempting to evade income taxes and failing to file income tax returns, and he appealed. The Court of Appeals for the Seventh Circuit affirmed, 882 F.2d 1263. The United States Supreme Court, Justice White, held that: (1) defendant was not entitled to acquittal based on good-faith belief that income tax law was unconstitutional as applied to him and thus did not legally impose any duty on him, but (2) defendant's good-faith belief that the tax laws did not impose any duty on him did not have to be objectively reasonable in order to be considered by the jury.

Vacated and remanded.

Justice Scalia, filed an opinion concurring in the judgment.

Justice Blackmun filed a dissenting opinion in which Justice Marshall joined.

Justice Souter did not participate.

Opinion on remand, 931 F.2d 1206.

West Headnotes (8)

[1] **Criminal Law**
Knowledge of law

Based on the notion that the law is definite and knowable, common law presumed that every person knew the law.

42 Cases that cite this headnote

[2] **Internal Revenue**
Willfulness, intent or knowledge

"Willfulness" for purposes of criminal tax laws requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of the duty, and that he voluntarily and intentionally violated that duty. 26 U.S.C.A. §§ 7201, 7203.

385 Cases that cite this headnote

[3] **Criminal Law**
Criminal Intent and Malice

Where issue is whether defendant knew of duty purportedly imposed by statute or regulation he is accused of violating, if Government proves actual knowledge of the pertinent legal duty, the prosecution, without more, has satisfied the knowledge component of the willfulness requirement.

315 Cases that cite this headnote

[4] **Internal Revenue**
Motive, intent, and willfulness

Government has not proved that defendant was aware of the duty imposed by the tax law which he is accused of willfully disobeying if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable. 26 U.S.C.A. §§ 7201, 7203.

 © 2018 Thomson Reuters. No claim to original U.S. Government Works.

445 Cases that cite this headnote

[5] **Internal Revenue**
Willfulness, intent or knowledge

Defendant's claimed good-faith belief need not be objectively reasonable in order for it to negate Government's evidence purporting to show defendant's awareness of his duties under the tax laws. 26 U.S.C.A. §§ 7201, 7203.

283 Cases that cite this headnote

[6] **Constitutional Law**
Avoidance of constitutional questions

Where possible, court interprets congressional enactments so as to avoid raising serious constitutional questions.

8 Cases that cite this headnote

[7] **Internal Revenue**
Instructions

It was error to instruct the jury to disregard evidence of defendant's understanding that, within meaning of the tax laws, he was not person required to file a return or to pay income taxes and that wages are not taxable income, as incredible as those misunderstandings of and beliefs about the tax law might be. 26 U.S.C.A. §§ 7201, 7203.

71 Cases that cite this headnote

[8] **Internal Revenue**
Willfulness, intent or knowledge

Defendant's good-faith belief that income tax law was unconstitutional as applied to him did not provide defense to charges of willfully attempting to evade income taxes and failing to file income tax returns, notwithstanding claim that, because of his belief in the unconstitutionality of the tax laws as applied to him, the income tax laws could not legally impose any duty upon him of which he should have been aware. 26 U.S.C.A. §§ 7201, 7203.

205 Cases that cite this headnote

****605** *Syllabus*[*]

Petitioner Cheek was charged with six counts of willfully failing to file a federal income tax return in violation of § 7203 of the Internal Revenue Code (Code) and three counts of willfully attempting to evade his income taxes in violation of § 7201. Although admitting that he had not filed his returns, he testified that he had not acted willfully because he sincerely believed, based on his indoctrination by a group believing that the federal tax system is unconstitutional and his own study, that the tax laws were being unconstitutionally enforced and that his actions were lawful. In instructing the jury, the court stated that an honest but unreasonable belief is not a defense and does not negate willfulness, and that Cheek's beliefs that wages are not income and that he was not a taxpayer within the meaning of the Code were not objectively reasonable. It also instructed the jury that a person's opinion that the tax laws violate his constitutional rights does not constitute a good-faith misunderstanding of the law. Cheek was convicted, and the Court of Appeals affirmed.

*Held:*

1. A good-faith misunderstanding of the law or a good-faith belief that one is not violating the law negates willfulness, whether or not the claimed belief or misunderstanding is objectively reasonable. Statutory willfulness, which protects the average citizen from prosecution for innocent mistakes made due to the complexity of the tax laws, *United States v. Murdock,* 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381, is the voluntary, intentional violation of a known legal duty. *United States v. Pomponio,* 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12. Thus, if the jury credited Cheek's assertion that he truly

 © 2018 Thomson Reuters. No claim to original U.S. Government Works.

believed that the Code did not treat wages as income, the Government would not have carried its burden to prove willfulness, however unreasonable a court might deem such a belief. Characterizing a belief as objectively unreasonable **606 transforms what is normally a factual inquiry into a legal one, thus preventing a jury from considering it. And forbidding a jury to consider evidence that might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision, which this interpretation of the statute avoids. Of course, in deciding whether to credit Cheek's claim, the jury is free to consider any admissible evidence showing that he had knowledge of his legal duties. Pp. 609-612.

***193** 2. It was proper for the trial court to instruct the jury not to consider Cheek's claim that the tax laws are unconstitutional, since a defendant's views about the tax statutes' validity are irrelevant to the issue of willfulness and should not be heard by a jury. Unlike the claims in the *Murdock-Pomponio* line of cases, claims that Code provisions are unconstitutional do not arise from innocent mistakes caused by the Code's complexity. Rather, they reveal full knowledge of the provisions at issue and a studied conclusion that those provisions are invalid and unenforceable. Congress could not have contemplated that a taxpayer, without risking criminal prosecution, could ignore his duties under the Code and refuse to utilize the mechanisms Congress provided to present his invalidity claims to the courts and to abide by their decisions. Cheek was free to pay the tax, file for a refund, and, if denied, present his claims to the courts. Also, without paying the tax, he could have challenged claims of tax deficiencies in the Tax Court. Pp. 612-613.

882 F.2d 1263, (CA7 1989) vacated and remanded.

WHITE, J., delivered the opinion of the Court, in which REHNQUIST, C.J., and STEVENS, O'CONNOR, and KENNEDY, JJ., joined. SCALIA, J., filed an opinion concurring in the judgment, *post,* p. 613. BLACKMUN, J., filed a dissenting opinion, in which MARSHALL, J., joined, *post,* p. 614. SOUTER, J., took no part in the consideration or decision of the case.

**Attorneys and Law Firms**

*William R. Coulson* argued the cause for petitioner. With him on the briefs was *Susan M. Keegan.*

*Edwin S. Kneedler* argued the cause for the United States. With him on the brief were *Solicitor General Starr, Assistant Attorney General Peterson, Deputy Solicitor General Bryson, Robert E. Lindsay,* and *Alan Hechtkopf.*

**Opinion**

Justice WHITE delivered the opinion of the Court.

Title 26, § 7201 of the United States Code provides that any person "who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof" shall be guilty of a felony. Under 26 U.S.C. § 7203, "[a]ny person required under this title ... or by regulations made under authority thereof to make a return ... who willfully fails to ... make such return" shall be guilty of a misdemeanor. ***194** This case turns on the meaning of the word "willfully" as used in §§ 7201 and 7203.

I

Petitioner John L. Cheek has been a pilot for American Airlines since 1973. He filed federal income tax returns through 1979 but thereafter ceased to file returns.[1] He also claimed an increasing number of withholding allowances-eventually claiming 60 allowances by mid-1980-and for the years 1981 to 1984 indicated on his W-4 forms that he was exempt from federal income taxes. In 1983, petitioner unsuccessfully sought a refund of all tax withheld by his employer in 1982. Petitioner's income during this period at all times far exceeded the minimum necessary to trigger the statutory filing requirement.

As a result of his activities, petitioner was indicted for 10 violations of federal law. He was charged with six counts of willfully failing to file a federal income tax return for the years 1980, 1981, and 1983 through 1986, in violation of § 7203. He was further charged with three counts of willfully attempting to **607 evade his income taxes for the years 1980, 1981, and 1983 in violation of 26 U.S.C. § 7201. In those years, American Airlines withheld substantially less than the amount of tax petitioner owed because of the numerous allowances and exempt status he claimed on his W-4 forms.[2] The tax offenses with which petitioner was charged are specific intent crimes that require the defendant to have acted willfully.

At trial, the evidence established that between 1982 and 1986, petitioner was involved in at least four civil cases that ***195** challenged various aspects of the federal income tax system.[3] In all four of those cases, the plaintiffs were informed by the courts that many of their

arguments, including that they were not taxpayers within the meaning of the tax laws, that wages are not income, that the Sixteenth Amendment does not authorize the imposition of an income tax on individuals, and that the Sixteenth Amendment is unenforceable, were frivolous or had been repeatedly rejected by the courts. During this time period, petitioner also attended at least two criminal trials of persons charged with tax offenses. In addition, there was evidence that in 1980 or 1981 an attorney had advised Cheek that the courts had rejected as frivolous the claim that wages are not income.[4]

Cheek represented himself at trial and testified in his defense. He admitted that he had not filed personal income tax returns during the years in question. He testified that as early as 1978, he had begun attending seminars sponsored ***196** by, and following the advice of, a group that believes, among other things, that the federal tax system is unconstitutional. Some of the speakers at these meetings were lawyers who purported to give professional opinions about the invalidity of the federal income tax laws. Cheek produced a letter from an attorney stating that the Sixteenth Amendment did not authorize a tax on wages and salaries but only on gain or profit. Petitioner's defense was that, based on the indoctrination he received from this group and from his own study, he sincerely believed that the tax laws were being unconstitutionally enforced and that his actions during the 1980-1986 period were lawful. He therefore argued that he had acted without the willfulness required for conviction of the various offenses with which he was charged.

In the course of its instructions, the trial court advised the jury that to prove "willfulness" the Government must prove the voluntary and intentional violation of a known legal duty, a burden that could not be proved by showing mistake, ignorance, or negligence. ****608** The court further advised the jury that an objectively reasonable good-faith misunderstanding of the law would negate willfulness, but mere disagreement with the law would not. The court described Cheek's beliefs about the income tax system[5] and instructed the jury that if it found that Cheek "honestly and reasonably believed that ***197** he was not required to pay income taxes or to file tax returns," App. 81, a not guilty verdict should be returned.

After several hours of deliberation, the jury sent a note to the judge that stated in part:

> " 'We have a basic disagreement between some of us as to if Mr. Cheek honestly & reasonably believed that he was not required to pay income taxes.
>
> . . . . .
>
> " 'Page 32 [the relevant jury instruction] discusses good faith misunderstanding & disagreement. Is there any additional clarification you can give us on this point?' " *Id.,* at 85.

The District Judge responded with a supplemental instruction containing the following statements:

> "[A] person's opinion that the tax laws violate his constitutional rights does not constitute a good faith misunderstanding of the law. Furthermore, a person's disagreement with the government's tax collection systems and policies does not constitute a good faith misunderstanding of the law." *Id.,* at 86.

At the end of the first day of deliberation, the jury sent out another note saying that it still could not reach a verdict because " '[w]e are divided on the issue as to if Mr. Cheek honestly & reasonably believed that he was not required to pay income tax.' " *Id.,* at 87. When the jury resumed its deliberations, the District Judge gave the jury an additional instruction. This instruction stated in part that "[a]n honest but unreasonable belief is not a defense and does not negate willfulness," *id.,* at 88, and that "[a]dvice or research resulting in the conclusion that wages of a privately employed person are not income or that the tax laws are unconstitutional is not objectively reasonable and cannot serve as the basis for a good faith misunderstanding of the law defense." *Ibid.* The court also instructed the jury that "[p]ersistent refusal to acknowledge the law does not constitute a good ***198** faith misunderstanding of the law." *Ibid.* Approximately two hours later, the jury returned a verdict finding petitioner guilty on all counts.[6]

Petitioner appealed his convictions, arguing that the District Court erred by instructing the jury that only an objectively reasonable misunderstanding of the law negates the statutory willfulness requirement. The United States Court of Appeals for the Seventh Circuit rejected that contention and affirmed the convictions. 882 F.2d 1263 (1989). In prior cases, the Seventh Circuit had made clear that good-faith misunderstanding of the law negates willfulness only if the defendant's ****609** beliefs are objectively reasonable; in the Seventh Circuit, even actual ignorance is not a defense unless the defendant's ignorance was itself objectively reasonable. See, *e.g., United States v. Buckner,* 830 F.2d 102 (1987). In its opinion in this case, the court noted that several specified beliefs, including the beliefs that the tax laws are unconstitutional and that wages are not income, would not be objectively reasonable.[7] Because the Seventh Circuit's ***199** interpretation of "willfully" as used in these statutes conflicts with the decisions of several other Courts of Appeals, see, *e.g., United States v. Whiteside,* 810 F.2d

 © 2018 Thomson Reuters. No claim to original U.S. Government Works.

1306, 1310-1311 (CA5 1987); *United States v. Phillips,* 775 F.2d 262, 263-264 (CA10 1985); *United States v. Aitken,* 755 F.2d 188, 191-193 (CA1 1985), we granted certiorari, 493 U.S. 1068, 110 S.Ct. 1108, 107 L.Ed.2d 1016 (1990).

II

[1] The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system. See, *e.g., United States v. Smith,* 5 Wheat. 153, 182, 5 L.Ed. 57 (1820) (Livingston, J., dissenting); *Barlow v. United States,* 7 Pet. 404, 411, 8 L.Ed. 728 (1833); *Reynolds v. United States,* 98 U.S. 145, 167, 25 L.Ed. 244 (1879); *Shevlin-Carpenter Co. v. Minnesota,* 218 U.S. 57, 68, 30 S.Ct. 663, 666, 54 L.Ed. 930 (1910); *Lambert v. California,* 355 U.S. 225, 228, 78 S.Ct. 240, 242, 2 L.Ed.2d 228 (1957); *Liparota v. United States,* 471 U.S. 419, 441, 105 S.Ct. 2084, 2096, 85 L.Ed.2d 434 (1985) (WHITE, J., dissenting); O. Holmes, The Common Law 47-48 (1881). Based on the notion that the law is definite and knowable, the common law presumed that every person knew the law. This common-law rule has been applied by the Court in numerous cases construing criminal statutes. See, *e.g., United States v. International Minerals & Chemical Corp.,* 402 U.S. 558, 91 S.Ct. 1697, 29 L.Ed.2d 178 (1971); *Hamling v. United States,* 418 U.S. 87, 119-124, 94 S.Ct. 2887, 2808-2911, 41 L.Ed.2d 590 (1974); *Boyce Motor Lines, Inc. v. United States,* 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367 (1952).

The proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend ***200** the extent of the duties and obligations imposed by the tax laws. Congress has accordingly softened the impact of the common-law presumption by making specific intent to violate the law an element of certain federal criminal tax offenses. Thus, the Court almost 60 years ago interpreted the statutory term "willfully" as used in the federal criminal tax statutes as carving out an exception to the traditional rule. This special treatment of criminal tax offenses is largely due to the complexity of the tax laws. In *United States v. Murdock,* 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933), the Court recognized that:

> "Congress did not intend that a person, by reason of a bona fide misunderstanding as ****610** to his liability for the tax, as to his duty to make a return, or as to the adequacy of the records he maintained, should become a criminal by his mere failure to measure up to the prescribed standard of conduct." *Id.,* at 396, 54 S.Ct., at 226.

The Court held that the defendant was entitled to an instruction with respect to whether he acted in good faith based on his actual belief. In *Murdock,* the Court interpreted the term "willfully" as used in the criminal tax statutes generally to mean "an act done with a bad purpose," *id.,* at 394, 54 S.Ct., at 225, or with "an evil motive," *id.,* at 395, 54 S.Ct., at 225.

Subsequent decisions have refined this proposition. In *United States v. Bishop,* 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973), we described the term "willfully" as connoting "a voluntary, intentional violation of a known legal duty," *id.,* at 360, 93 S.Ct., at 2017, and did so with specific reference to the "bad faith or evil intent" language employed in *Murdock.* Still later, *United States v. Pomponio,* 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976) (*per curiam* ), addressed a situation in which several defendants had been charged with willfully filing false tax returns. The jury was given an instruction on willfulness similar to the standard set forth in *Bishop.* In addition, it was instructed that " '[g]ood motive alone is never a defense where the act done or omitted is a crime.' " *Id.,* at 11, 97 S.Ct., at 23. The defendants were convicted but the Court of Appeals reversed, concluding that the latter instruction ***201** was improper because the statute required a finding of bad purpose or evil motive. *Ibid.*

We reversed the Court of Appeals, stating that "the Court of Appeals incorrectly assumed that the reference to an 'evil motive' in *United States v. Bishop, supra,* and prior cases," *ibid.,* "requires proof of any motive other than an intentional violation of a known legal duty." *Id.,* at 12, 97 S.Ct., at 23. As "the other Courts of Appeals that have considered the question have recognized, willfulness in this context simply means a voluntary, intentional violation of a known legal duty." *Ibid.* We concluded that after instructing the jury on willfulness, "[a]n additional instruction on good faith was unnecessary." *Id.,* at 13, 97 S.Ct., at 24. Taken together, *Bishop* and *Pomponio* conclusively establish that the standard for the statutory willfulness requirement is the "voluntary, intentional violation of a known legal duty."

III

Cheek accepts the *Pomponio* definition of willfulness, Brief for Petitioner 5, and n. 4, 13, 36; Reply Brief for Petitioner 4, 6-7, 11, 13, but asserts that the District Court's instructions and the Court of Appeals' opinion departed from that definition. In particular, he challenges the ruling that a good-faith misunderstanding of the law or a good-faith belief that one is not violating the law, if it is to negate willfulness, must be objectively reasonable. We agree that the Court of Appeals and the District Court erred in this respect.

A

[2] [3] [4] Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty. We deal first with the case where the issue is whether the defendant knew of the duty purportedly imposed by the provision of the statute or regulation he is accused of violating, a case in which there is no claim that the provision ***202** at issue is invalid. In such a case, if the Government proves actual knowledge of the pertinent legal duty, the prosecution, without more, has satisfied the knowledge component of the willfulness requirement. But carrying this burden requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws. This is so ****611** because one cannot be aware that the law imposes a duty upon him and yet be ignorant of it, misunderstand the law, or believe that the duty does not exist. In the end, the issue is whether, based on all the evidence, the Government has proved that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable.

In this case, if Cheek asserted that he truly believed that the Internal Revenue Code did not purport to treat wages as income, and the jury believed him, the Government would not have carried its burden to prove willfulness, however unreasonable a court might deem such a belief. Of course, in deciding whether to credit Cheek's good-faith belief claim, the jury would be free to consider any admissible evidence from any source showing that Cheek was aware of his duty to file a return and to treat wages as income, including evidence showing his awareness of the relevant provisions of the Code or regulations, of court decisions rejecting his interpretation of the tax law, of authoritative rulings of the Internal Revenue Service, or of any contents of the personal income tax return forms and accompanying instructions that made it plain that wages should be returned as income.[8]

[5] [6] ***203** We thus disagree with the Court of Appeals' requirement that a claimed good-faith belief must be objectively reasonable if it is to be considered as possibly negating the Government's evidence purporting to show a defendant's awareness of the legal duty at issue. Knowledge and belief are characteristically questions for the factfinder, in this case the jury. Characterizing a particular belief as not objectively reasonable transforms the inquiry into a legal one and would prevent the jury from considering it. It would of course be proper to exclude evidence having no relevance or probative value with respect to willfulness; but it is not contrary to common sense, let alone impossible, for a defendant to be ignorant of his duty based on an irrational belief that he has no duty, and forbidding the jury to consider evidence that might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision. Cf. *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952). It is common ground that this Court, where possible, interprets congressional enactments so as to avoid raising serious constitutional questions. See, *e.g., Edward J. DeBartolo Corp. v. Florida Gulf Coast Building & Construction Trades Council,* 485 U.S. 568, 575, 108 S.Ct. 1392, 1397, 99 L.Ed.2d 645 (1988); *Crowell v. Benson,* 285 U.S. 22, 62, and n. 30, 52 S.Ct. 285, 296, and n. 30, 76 L.Ed. 598 (1932); *Public Citizen v. Department of Justice,* 491 U.S. 440, 465-466, 109 S.Ct. 2558, 2572-2573, 105 L.Ed.2d 377 (1989).

[7] It was therefore error to instruct the jury to disregard evidence of Cheek's understanding that, within the meaning of the tax laws, he was not a person required to file a return or to pay income taxes and that wages are not taxable income, as incredible as such misunderstandings of and beliefs about the law might be. Of course, the more unreasonable the assertedbeliefs ***204** or misunderstandings are, the more likely the jury will consider them to be nothing more than simple ****612** disagreement with known legal duties imposed by the tax laws and will find that the Government has carried its burden of proving knowledge.

 © 2018 Thomson Reuters. No claim to original U.S. Government Works.

B

**[8]** Cheek asserted in the trial court that he should be acquitted because he believed in good faith that the income tax law is unconstitutional as applied to him and thus could not legally impose any duty upon him of which he should have been aware.[9] Such a submission is unsound, not because ***205** Cheek's constitutional arguments are not objectively reasonable or frivolous, which they surely are, but because the *Murdock*-*Pomponio* line of cases does not support such a position. Those cases construed the willfulness requirement in the criminal provisions of the Internal Revenue Code to require proof of knowledge of the law. This was because in "our complex tax system, uncertainty often arises even among taxpayers who earnestly wish to follow the law," and " '[i]t is not the purpose of the law to penalize frank difference of opinion or innocent errors made despite the exercise of reasonable care.' " *United States v. Bishop,* 412 U.S. 346, 360-361, 93 S.Ct. 2008, 2017-2018, 36 L.Ed.2d 941 (1973) (quoting *Spies v. United States,* 317 U.S. 492, 496, 63 S.Ct. 364, 367, 87 L.Ed. 418 (1943)).

Claims that some of the provisions of the tax code are unconstitutional are submissions of a different order.[10] They do not arise from innocent mistakes caused by the complexity of the Internal Revenue Code. Rather, they reveal full knowledge of the provisions at issue and a studied conclusion, however wrong, that those provisions are invalid ****613** and unenforceable. ***206** Thus in this case, Cheek paid his taxes for years, but after attending various seminars and based on his own study, he concluded that the income tax laws could not constitutionally require him to pay a tax.

We do not believe that Congress contemplated that such a taxpayer, without risking criminal prosecution, could ignore the duties imposed upon him by the Internal Revenue Code and refuse to utilize the mechanisms provided by Congress to present his claims of invalidity to the courts and to abide by their decisions. There is no doubt that Cheek, from year to year, was free to pay the tax that the law purported to require, file for a refund and, if denied, present his claims of invalidity, constitutional or otherwise, to the courts. See 26 U.S.C. § 7422. Also, without paying the tax, he could have challenged claims of tax deficiencies in the Tax Court, § 6213, with the right to appeal to a higher court if unsuccessful. § 7482(a)(1). Cheek took neither course in some years, and when he did was unwilling to accept the outcome. As we see it, he is in no position to claim that his good-faith belief about the validity of the Internal Revenue Code negates willfulness or provides a defense to criminal prosecution under §§ 7201 and 7203. Of course, Cheek was free in this very case to present his claims of invalidity and have them adjudicated, but like defendants in criminal cases in other contexts, who "willfully" refuse to comply with the duties placed upon them by the law, he must take the risk of being wrong.

We thus hold that in a case like this, a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper. For this purpose, it makes no difference whether the claims of invalidity are frivolous or have substance. It was therefore not error in this case for the District Judge to instruct the jury not to consider Cheek's claims that the tax laws were unconstitutional. However, it was error for the court to instruct ***207** the jury that petitioner's asserted beliefs that wages are not income and that he was not a taxpayer within the meaning of the Internal Revenue Code should not be considered by the jury in determining whether Cheek had acted willfully.[11]

IV

For the reasons set forth in the opinion above, the judgment of the Court of Appeals is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

Justice SOUTER took no part in the consideration or decision of this case.

Justice SCALIA, concurring in the judgment.

I concur in the judgment of the Court because our cases have consistently held that the failure to pay a tax in the good-faith belief that it is not legally owing is not "willful." I do not join the Court's opinion because I do not agree with the test for willfulness that it directs the Court of Appeals to apply on remand.

 © 2018 Thomson Reuters. No claim to original U.S. Government Works.

As the Court acknowledges, our opinions from the 1930's to the 1970's have interpreted the word "willfully" in the criminal tax statutes as requiring the "bad purpose" or "evil motive" of "intentional[ly] violat[ing] a known legal duty." See, *e.g.*, *United States v. Pomponio,* 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976); *United States v. Murdock,* 290 U.S. 389, 394-395, 54 S.Ct. 223, 225-226, 78 L.Ed. 381 (1933). It seems to me that today's opinion squarely reverses that long-established statutory construction ****614** when it says that a good-faith erroneous belief in the unconstitutionality of a tax law is no defense. It is quite impossible to say that a statute which ***208** one believes unconstitutional represents a "known legal duty." See *Marbury v. Madison,* 1 Cranch 137, 177-178, 2 L.Ed. 60 (1803).

Although the facts of the present case involve erroneous reliance upon the Constitution in ignoring the otherwise "known legal duty" imposed by the tax statutes, the Court's new interpretation applies also to erroneous reliance upon a tax statute in ignoring the otherwise "known legal duty" of a regulation, and to erroneous reliance upon a regulation in ignoring the otherwise "known legal duty" of a tax assessment. These situations as well meet the opinion's crucial test of "reveal[ing] full knowledge of the provisions at issue and a studied conclusion, however wrong, that those provisions are invalid and unenforceable," *ante,* at 612-613. There is, moreover, no rational basis for saying that a "willful" violation is established by full knowledge of a statutory requirement, but is not established by full knowledge of a requirement explicitly imposed by regulation or order. Thus, today's opinion works a revolution in past practice, subjecting to criminal penalties taxpayers who do not comply with Treasury Regulations that are in their view contrary to the Internal Revenue Code, Treasury Rulings that are in their view contrary to the regulations, and even IRS auditor pronouncements that are in their view contrary to Treasury Rulings. The law already provides considerable incentive for taxpayers to be careful in ignoring any official assertion of tax liability, since it contains civil penalties that apply even in the event of a good-faith mistake, see, *e.g.*, 26 U.S.C. §§ 6651, 6653. To impose in addition *criminal* penalties for misinterpretation of such a complex body of law is a startling innovation indeed.

I find it impossible to understand how one can derive from the lonesome word "willfully" the proposition that belief in the nonexistence of a textual prohibition excuses liability, but belief in the invalidity (*i.e.,* the legal nonexistence) of a textual prohibition does not. One may say, as the law does ***209** in many contexts, that "willfully" refers to consciousness of the act but not to consciousness that the act is unlawful. See, *e.g., American Surety Co. of New York v. Sullivan,* 7 F.2d 605, 606 (CA2 1925) (L. Hand, J.); cf. *United States v. International Minerals & Chemical Corp.,* 402 U.S. 558, 563-565, 91 S.Ct. 1697, 1700-1702, 29 L.Ed.2d 178 (1971). Or alternatively, one may say, as we have said until today with respect to the tax statutes, that "willfully" refers to consciousness of both the act *and* its illegality. But it seems to me impossible to say that the word refers to consciousness that some legal text exists, without consciousness that that legal text is binding, *i.e.,* with the good-faith belief that it is not a valid law. Perhaps such a test for criminal liability would make sense (though in a field as complicated as federal tax law, I doubt it), but some text other than the mere word "willfully" would have to be employed to describe it-and that text is not ours to write.

Because today's opinion abandons clear and longstanding precedent to impose criminal liability where taxpayers have had no reason to expect it, because the new contours of criminal liability have no basis in the statutory text, and because I strongly suspect that those new contours make no sense even as a policy matter, I concur only in the judgment of the Court.

Justice BLACKMUN, with whom Justice MARSHALL joins, dissenting.

It seems to me that we are concerned in this case not with "the complexity of the tax laws," *ante,* at 609, but with the income tax law in its most elementary and basic aspect: Is a wage earner a taxpayer and are wages income?

The Court acknowledges that the conclusively established standard for willfulness under the applicable statutes is the " 'voluntary, ****615** intentional violation of a known legal duty.' " *Ante,* at 610. See *United States v. Bishop,* 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973), and *United States v. Pomponio,* 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976). That being so, it is incomprehensible to me how, in this day, more than 70 years after the institution of our ***210** present federal income tax system with the passage of the Income Tax Act of 1913, 38 Stat. 166, any taxpayer of competent mentality can assert as his defense to charges of statutory willfulness the proposition that the wage he receives for his labor is not income, irrespective of a cult that says otherwise and advises the gullible to resist income tax

collections. One might note in passing that this particular taxpayer, after all, was a licensed pilot for one of our major commercial airlines; he presumably was a person of at least minimum intellectual competence.

The District Court's instruction that an objectively reasonable and good-faith misunderstanding of the law negates willfulness lends further, rather than less, protection to this defendant, for it adds an additional hurdle for the prosecution to overcome. Petitioner should be grateful for this further protection, rather than be opposed to it.

This Court's opinion today, I fear, will encourage taxpayers to cling to frivolous views of the law in the hope of convincing a jury of their sincerity. If that ensues, I suspect we have gone beyond the limits of common sense.

While I may not agree with every word the Court of Appeals has enunciated in its opinion, I would affirm its judgment in this case. I therefore dissent.

**All Citations**

498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617, 67 A.F.T.R.2d 91-344, 59 USLW 4049, 91-1 USTC P 50,012, 1991-1 C.B. 259

Footnotes

* The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States v. Detroit Lumber Co.,* 200 U.S. 321, 337, 26 S.Ct. 282, 287, 50 L.Ed. 499.

1 Cheek did file what the Court of Appeals described as a frivolous return in 1982.

2 Because petitioner filed a refund claim for the entire amount withheld by his employer in 1982, petitioner was also charged under 18 U.S.C. § 287 with one count of presenting a claim to an agency of the United States knowing the claim to be false and fraudulent.

3 In March 1982, Cheek and another employee of the company sued American Airlines to challenge the withholding of federal income taxes. In April 1982, Cheek sued the Internal Revenue Service (IRS) in the United States Tax Court, asserting that he was not a taxpayer or a person for purposes of the Internal Revenue Code and that his wages were not income, and making several other related claims. Cheek and four others also filed an action against the United States and the Commissioner of Internal Revenue in Federal District Court, claiming that withholding taxes from their wages violated the Sixteenth Amendment. Finally, in 1985 Cheek filed claims with the IRS seeking to have refunded the taxes withheld from his wages in 1983 and 1984. When these claims were not allowed, he brought suit in the District Court claiming that the withholding was an unconstitutional taking of his property and that his wages were not income. In dismissing this action as frivolous, the District Court imposed costs and attorneys fees of $1,500 and a sanction under Federal Rule of Civil Procedure 11 in the amount of $10,000. The Court of Appeals agreed that Cheek's claims were frivolous, reduced the District Court sanction to $5,000, and imposed an additional sanction of $1,500 for bringing a frivolous appeal.

4 The attorney also advised that despite the Fifth Amendment, the filing of a tax return was required and that a person could challenge the constitutionality of the system by suing for a refund after the taxes had been withheld, or by putting himself "at risk of criminal prosecution."

5 "The defendant has testified as to what he states are his interpretations of the United States Constitution, court opinions, common law and other materials he has reviewed.... He has also introduced materials which contain references to quotations from the United States Constitution, court opinions, statutes, and other sources.

"He testified he relied on his interpretations and on these materials in concluding that he was not a person required to file income tax returns for the year or years charged, was not required to pay income taxes and that he could claim exempt status on his W-4 forms, and that he could claim refunds of all moneys withheld." App. 75-76.

"Among other things, Mr. Cheek contends that his wages from a private employer, American Airlines, does [*sic* ] not constitute income under the Internal Revenue Service laws." *Id.,* at 81.

6 A note signed by all 12 jurors also informed the judge that although the jury found petitioner guilty, several jurors wanted to express their personal opinions of the case and that notes from these individual jurors to the court were "a complaint against the narrow & hard expression under the constraints of the law." *Id.,* at 90. At least two notes from

 © 2018 Thomson Reuters. No claim to original U.S. Government Works.

individual jurors expressed the opinion that petitioner sincerely believed in his cause even though his beliefs might have been unreasonable.

7 The opinion stated, 882 F.2d 1263, 1268-1269, n. 2 (CA7 1989), as follows:

"For the record, we note that the following beliefs, which are stock arguments of the tax protester movement, have not been, nor ever will be, considered 'objectively reasonable' in this circuit:

"(1) the belief that the sixteenth amendment to the constitution was improperly ratified and therefore never came into being;

"(2) the belief that the sixteenth amendment is unconstitutional generally;

"(3) the belief that the income tax violates the takings clause of the fifth amendment;

"(4) the belief that the tax laws are unconstitutional;

"(5) the belief that wages are not income and therefore are not subject to federal income tax laws;

"(6) the belief that filing a tax return violates the privilege against self-incrimination; and

"(7) the belief that Federal Reserve Notes do not constitute cash or income.

"*Miller v. United States,* 868 F.2d 236, 239-41 (7th Cir.1989); *Buckner,* 830 F.2d at 102; *United States v. Dube,* 820 F.2d 886, 891 (7th Cir.1987); *Coleman v. Comm'r,* 791 F.2d 68, 70-71 (7th Cir.1986); *Moore,* 627 F.2d at 833. We have no doubt that this list will increase with time."

8 Cheek recognizes that a "defendant who knows what the law is and who disagrees with it ... does not have a bona fide misunderstanding defense," but asserts that "a defendant who has a bona fide misunderstanding of [the law] does not 'know' his legal duty and lacks willfulness." Brief for Petitioner 29, and n. 13. The Reply Brief for Petitioner, at 13, states: "We are in no way suggesting that Cheek or anyone else is immune from criminal prosecution if he knows what the law is, but believes it should be otherwise, and therefore violates it." See also Tr. of Oral Arg. 9, 11, 12, 15, 17.

9 In his opening and reply briefs and at oral argument, Cheek asserts that this case does not present the issue whether a claim of unconstitutionality would serve to negate willfulness and that we need not address the issue. Brief for Petitioner 13; Reply Brief for Petitioner 5, 11, 12; Tr. of Oral Arg. 6, 13. Cheek testified at trial, however, that "[i]t is my belief that the law is being enforced unconstitutionally." App. 60. He also produced a letter from counsel advising him that " 'Finally you make a valid contention ... that Congress' power to tax comes from Article I, Section 8, Clause 1 of the U.S. Constitution, and not from the Sixteenth Amendment and that the [latter], construed with Article I, Section 2, Clause 3, never authorized a tax on wages and salaries, but only on gain and profit." *Id.,* at 57. We note also that the jury asked for "the portion [of the transcript] wherein Mr. Cheek stated he was attempting to test the constitutionality of the income tax laws," Tr. 1704, and that the trial judge later instructed the jury that an opinion that the tax laws violate a person's constitutional rights does not constitute a good-faith misunderstanding of the law. We also note that at oral argument Cheek's counsel observed that "personal belief that a known statute is unconstitutional smacks of knowledge with existing law, but disagreement with it." Tr. of Oral Arg. 5. He also opined:

"If the person believes as a personal belief that known-law known to them *[sic]* is unconstitutional, I submit that that would not be a defense, because what the person is really saying is I know what the law is, for constitutional reasons I have made my own determination that it is invalid. I am not suggesting that that is a defense.

"However, if the person was told by a lawyer or by an accountant erroneously that the statute is unconstitutional, and it's my professional advice to you that you don't have to follow it, then you have got a little different situation. This is not that case." *Id.,* at 6.

Given this posture of the case, we perceive no reason not to address the significance of Cheek's constitutional claims to the issue of willfulness.

10 In *United States v. Murdock,* 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933), discussed *supra,* at 609-610, the defendant Murdock was summoned to appear before a revenue agent for examination. Questions were put to him, which he refused to answer for fear of self-incrimination under state law. He was indicted for refusing to give testimony and supply information contrary to the pertinent provisions of the Internal Revenue Code. This Court affirmed the reversal of Murdock's conviction, holding that the trial court erred in refusing to give an instruction directing the jury to consider Murdock's asserted claim of a good-faith, actual belief that because of the Fifth Amendment he was privileged not to answer the questions put to him. It is thus the case that Murdock's asserted belief was grounded in the Constitution, but it was a claim of privilege not to answer, not a claim that any provision of the tax laws were unconstitutional, and not a claim for which the tax laws provided procedures to entertain and resolve. Cheek's position at trial, in contrast, was that the tax laws were unconstitutional as applied to him.

11 Cheek argues that applying to him the Court of Appeals' standard of objective reasonableness violates his rights under the First, Fifth, and Sixth Amendments of the Constitution. Since we have invalidated the challenged standard on statutory grounds, we need not address these submissions.

 © 2018 Thomson Reuters. No claim to original U.S. Government Works.

**Cheek v. U.S., 498 U.S. 192 (1991)**
111 S.Ct. 604, 112 L.Ed.2d 617, 67 A.F.T.R.2d 91-344, 59 USLW 4049...

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2018 Thomson Reuters. No claim to original U.S. Government Works. 11